IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GERARD LEWIS, | No. C 15-03335 BLF (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| J. BEARD, et. al., | |
| Defendants. | |

Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that on February 19, 2014, he requested legal envelopes from Defendant S. Miranda at the law library in Facility C at SVSP. (Compl. Attach. at 1.) He claims that he told her he was indigent and not represented by a lawyer, which entitled him to legal supplies. (*Id.* at 1-2.) Plaintiff claims that Defendant Miranda lied when she told him that she did not have envelopes when "in fact she did have these legal envelopes stored in the prison law library." (*Id.* at 2.) Plaintiff claims that due to Defendant Miranda's actions, he was denied access to the courts in pursuing his habeas petition (Case No. TA073046) in the Superior Court of California for the County of Los Angeles, which denied the petition as untimely on April 4, 2014. (*Id.* at 2, Ex. B.) Plaintiff claims that Defendants J. Beard, W. L. Muniz, V. J. Solis, J. Pehrson, M. Colvin, K. J. Allen, S. K. Heminway and S. Tomlinson were involved in denying his right of access to the courts in denying his appeals on the matter thereafter. (*Id.* at 2-3.)

Plaintiff filed a civil rights action in this Court alleging that Defendants' actions violated his right of access to the courts. *See* Case No. 14-04520 BLF (PR). The Court found that Plaintiff's allegations were insufficient to state such a claim because he failed to allege actual injury and show that he was pursuing nonfrivolous claims. *Id.*; *see Lewis v. Casey*, 518 U.S. 343, 352-53 & n.3 (1996); *Gluth v. Kangas*, 951 F.2d 1504, 1509 n.2 (9th Cir. 1991). The complaint was dismissed with leave to amend on January 23, 2015. With an extension of time granted thereafter, Plaintiff had until March 23, 2015, to file an

amended complaint. When he failed to do so, the Court dismissed the action without prejudice on April 15, 2015. In the instant action, Plaintiff claims that Defendants' continued actions in depriving him of legal supplies caused him to miss the filing deadline, which resulted in denying him access to the courts. (Compl. Attach. at 5.)

In dismissing with leave to amend Plaintiff's prior action, the Court advised Plaintiff of the legal standard for stating a cognizable access to the courts claim. Specifically, Plaintiff was advised that there must be a showing that the denial of the materials denied him the ability to perfect and pursue legal action, *i.e.*, actual injury to court access. *See Gluth*, 951 F.2d 1509 n.2; *see also King v. Atiyeh*, 814 F.2d 565, 565 (9th Cir. 1987) (no established minimum postage that state must meet; focus of court is whether plaintiff has been denied meaningful access); *Franklin v. Oregon*, 563 F. Supp. 1310, 1331 (D. Or. 1983) (prisoner with 106 separate actions before court clearly has no trouble getting papers to court and claim dismissed as frivolous). Assuming that the denial of the state habeas petition as untimely was indeed caused by Defendants' actions, Plaintiff has shown actual injury. However, the hindered claim must be a nonfrivolous one. *See Lewis*, 518 U.S. at 352-53 & n.3. Here, Plaintiff has failed to state the nonfrivolous claim(s) he was pursuing in the state habeas petition. Plaintiff shall be given an opportunity to file an amended complaint to attempt to correct this deficiency.

With respect to the dismissal of the prior § 1983 action before this Court, it cannot be said that Plaintiff has been denied meaningful access since he has herein been able to file another suit to pursue his claim. *See Franklin*, 563 F. Supp. at 1331. Furthermore, even if the fact that his action was dismissed without prejudice is sufficient to show actual injury, Plaintiff has failed to state facts showing how specific individuals acted to deprive him of legal material which prevented him from meeting the Court's deadline. Plaintiff's general allegation that "[p]redicated on denial of legal supplies... plaintiff was unable to meet his court obligations," (Compl. Attach. at 2 and 7), is insufficient to show any single individual's liability. Accordingly, Plaintiff shall be given an opportunity to amend this claim. In amending this claim, Plaintiff is advised that liability may be imposed on an

individual defendant under § 1983 only if he can show that the defendant proximately caused the deprivation of a federally protected right, *i.e.*, Plaintiff's right of access to the courts. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

The Court also notes that the complaint does not indicate whether Plaintiff exhausted the claim involving Case No. 14-05420 BLF (PR) through the prison's grievance procedure. The complaint indicates that he exhausted his February 19, 2014 claim against Defendant Miranda through SVSP log # 14-1205, but no other grievance is referenced. (Compl. at 2.) Plaintiff is advised that the claim involving Case No. 14-04520 BLF (PR) may be subject to dismissal for failure to exhaust administrative remedies if he failed to exhaust prior to filing this suit. Accordingly, he should clearly identify the appeal number associated with the exhaustion of this claim in the amended complaint. Otherwise, he must first exhaust the claim and then file a separate action.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 15-03335 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

1  The Clerk shall include two copies of the court's complaint with a copy of this
2  order to Plaintiff.

3  **IT IS SO ORDERED.**

4  DATED: _August 5, 2015_                          _____
                                                    BETH LABSON FREEMAN
5                                                   United States District Judge