1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  ANTHONY GERARD LEWIS,                )   No. C 15-03335 BLF (PR)
                                          )
12              Plaintiff,                )   ORDER OF SERVICE; DIRECTING
                                          )   DEFENDANTS TO FILE
13      v.                                )   DISPOSITIVE MOTION OR NOTICE
                                          )   REGARDING SUCH MOTION;
14                                        )   INSTRUCTIONS TO CLERK
    J. BEARD, et. al.,                    )
15                                        )
                Defendants.               )
16  _____ )

17

18      Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed the instant
19  civil rights action in *pro se* pursuant to 42 U.S.C. § 1983. The Court dismissed the
20  complaint with leave to amend for Plaintiff to attempt to state sufficient facts to state a
21  denial of access to the courts claim. (Docket No. 7.) The amended complaint, (Docket
22  No. 15), is before the Court for an initial review.[1]
23  ///
24  ///
25  ///

26  _____

27      [1] This matter was dismissed for Plaintiff's failure to file an amended complaint in the
    time provided. (Docket No. 11.) Thereafter, the Court granted Plaintiff's motion for
28  reconsideration and reopened the action on December 18, 2015. (Docket No. 14.)

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.15\03335Lewis_svc.wpd         1

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that on February 19, 2014, he requested legal envelopes from Defendant S. Miranda, the library technical assistant, in Facility C at SVSP. (Am. Compl. at 3.) He claims that he told her he was indigent and not represented by a lawyer, which entitled him to legal supplies. (*Id.*) Plaintiff claims that Defendant Miranda ignored his request and denied him the envelopes. (*Id.*) Plaintiff claims that on April 4, 2014, he was provided with an inadequate amount of envelopes, which were also the wrong size, by Senior Librarian Defendant M. Colvin. (*Id.*) Plaintiff claims that Defendants J. Pehrson and K.J. Allen inadequately investigated the matter when he complained through the administrative appeal process, and improperly denied his appeals. (*Id.* at 3a.)

Plaintiff claims that due to Defendants' actions, he was denied access to the courts in pursuing his habeas petition (Case No. TA073046) in the Superior Court of California for the County of Los Angeles, which denied the petition as untimely on April 4, 2014. (*Id.* at 3b.) In the petition, he raised the following claims: 1) ineffective assistance of trial

counsel; 2) ineffective assistance of appellate counsel; 3) sentencing error/illegal plea agreement based on two grounds; and 4) extraordinary circumstances to explain substantial delay in filing a habeas petition. (Lewis Decl. at 1-2, Am. Compl. Ex. B.) Plaintiff has plead sufficient facts to state a cognizable claim against Defendants for the denial of his right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 352-53 & n.3 (1996); *Gluth v. Kangas*, 951 F.2d 1504, 1509 n.2 (9th Cir. 1991).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants S. Miranda, M. Colvin and J. Pehrson at** at Salinas Valley State Prison, (P.O. Box 1050, Soledad, CA 93960), and **Defendant K. J. Allen, appeals examiner, at the California Department of Corrections and Rehabilitation**, (Office of Legal Affairs, P.O. Box 942883, Sacramento, CA 94283-0001) . The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of

the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam);

1 | *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

2 |      5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

     6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     10.   Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: April 5, 2016

BETH LABSON FREEMAN
United States District Judge