IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GERARD LEWIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>J. BEARD, et al.,<br><br>　　　　Defendants. | No. C 15-03335 BLF (PR)<br><br>**ORDER DISMISSING DEFENDANT J. PEHRSON** |

　　　Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against SVSP officials. On April 5, 2016, the Court issued an order of service upon SVSP Defendants. (Docket No. 16.) On April 13, 2016, Litigation Coordinator G. Lopez filed a letter with the Court indicating that Defendant J. Pehrson no longer works for SVSP and had retired in December 2014. (Docket No. 21.) On April 19, 2016, the Court directed Plaintiff to file a notice providing the Court with an accurate and current address for Defendant J. Pehrson such that the Marshal is able to effect service. (Docket No. 22.) Plaintiff was notified that if he failed to file the requested information within thirty days, his claims against this Defendant would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*) On May 16, 2016, Plaintiff filed a

pleading titled "Correction of plaintiff current assign housing and sufficient reply to this Courts Order hereto [sic]." (Docket No. 26.) Plaintiff states that he has unsuccessfully inquired as to Defendant J. Pehrson's whereabouts and requests that "the marshal rely on J. Pehrson [sic] prior residence for appropriate service." (*Id.* at 1-2.) However, Plaintiff never provided the Court with Pehrson's prior residence.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). After service upon Defendant J. Pehrson was attempted, SVSP Litigation Coordinator notified the Court that Defendant J. Pehrson had retired in December 2014, seven months before Plaintiff filed his complaint. To date, Plaintiff has failed to provide the necessary information to serve the Defendant J. Pehrson. Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," his claims against Defendant J. Pehrson are subject to dismissal. *See* Fed. R. Civ. P. 4(m). Accordingly, Plaintiff's claims against Defendant J. Pehrson are **DISMISSED**. The Court's dismissal is without prejudice, affording Plaintiff the opportunity to add J. Pehrson as a defendant if a valid address becomes known.

The Clerk shall terminate Defendant J. Pehrson and remove him from the Docket.

**IT IS SO ORDERED.**

DATED: May 25, 2016

BETH LABSON FREEMAN
United States District Judge